## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. JEROME CORSI, Individually<br>Denville, NJ, 07834<br><br>and<br><br>LARRY KLAYMAN, Individually<br>2020 Pennsylvania Ave #800<br>Washington, D.C. 20006<br><br>         Plaintiffs<br><br>                 v.<br><br>MICHAEL CAPUTO, Individually<br>578 Main Street<br>East Aurora, NY 14052<br><br>and<br><br>ROGER STONE, Individually<br>c/o Chandler Routman<br>501 E. Las Olas Blvd. #331<br>Fort Lauderdale, FL 33301<br><br>         Defendants. | **Case No:**<br><br>**Removed from Superior Court of the District of Columbia**<br>**Case No. 19 CA 002226 B** |

### DEFENDANT ROGER STONE'S NOTICE OF REMOVAL

**I.     Background**

1. The Removing Party exercises his rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the Superior Court of the District of Columbia, where it is now pending under the name and style of *Corsi et al v. Caputo et al*, Case No: 2019-CA-002226-B.

2. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. This is a civil action that was instituted in state court and has not be tried. Plaintiffs Jerome Corsi and Larry Klayman ("Plaintiffs") filed the Complaint in the Superior Court of the District of Columbia on April 5, 2019, naming Roger Stone and Michael Caputo as defendants. Plaintiffs allege that the Defendants engaged in Defamation and Defamation by Implication. Furthermore, the Plaintiffs are seeking damages in excess of $25,000,000 for the alleged malicious conduct of the Defendants.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in the action are attached hereto, collectively, as Exhibit A.

5. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**II.     The Notice of Removal is Timely and Properly Filed**

6. The Complaint was served on Defendant Stone on May 4, 2019. The Complaint was the initial pleading received by Stone and Stone is filing this Notice of Removal within thirty days of receipt of this initial pleading. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**III.    Diversity of Citizenship Jurisdiction**

7. This case is being removed subject to the provisions of 28 U.S.C. §§ 1332.

8. 28 U.S.C. § 1332(a)(1) authorizes the district court to "have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different States." The Plaintiffs in this case allege damages in excess of $25,000,000 and all parties are from different States.

9. Because a federal statute confers federal removal based on diversity of citizenship, this case is properly removed to this Court.

## IV. Procedural Compliance

10. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the Superior Court of the District of Columbia, where it is currently pending, to the United States District Court for the District of Columbia.

11. The United States District Court for the District of Columbia embraces the county in which the Superior Court of the District of Columbia action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §88. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). The Superior Court of the District of Columbia is located within this District and cases arising in the Superior Court of the District of Columbia are properly removed to the United States District Court for the District of Columbia. *See* 28 U.S.C. §88.

12. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants join in or consent to the removal of this action. Defendant Stone filed this Notice of Removal, and Defendant Caputo consents to the removal of this action, as evidenced by written confirmation presented as Exhibit B.

13. Pursuant to 28 U.S.C. § 1446(d), the Removing Parties shall give Plaintiffs Corsi and Klayman written notice of the filing of this Notice of Removal and the Removing Party shall file the written notice of the filing of this Notice of Removal with the clerk of the Superior Court of the District of Columbia, attaching thereto a copy of this Notice of Removal, and the documents attached to this Notice of Removal.

14. In filing this Notice of Removal, the Removing Parties do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by the Removing Parties of any of the allegations of or damages sought in this Complaint.

## CONCLUSION

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court, and the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Dated: May 29, 2019                    Respectfully submitted,

By:   /s/ Chandler P. Routman
          Chandler P. Routman

Chandler P. Routman
D.C. Bar No. 1618092
1501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: 954-235-8259
routmanc@gmail.com

*Counsel for Defendant Roger Stone*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

          By: /s/ Chandler P. Routman
              CHANDLER P. ROUTMAN
              D.D.C. Bar No. 1618092