# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| DR. JEROME CORSI, Individually<br><br>and<br><br>LARRY KLAYMAN, Individually<br><br>Plaintiffs<br><br>v.<br><br>MICHAEL CAPUTO, Individually<br><br>and<br><br>ROGER STONE, Individually<br><br>Defendants. | **Case No: 19 CA 002226 B**<br><br>Honorable Judge Yvonne Williams<br><br>Next Event: Initial Scheduling Conference July 19, 2019 at 9:30 a.m. |

## **DEFENDANT ROGER STONE'S MOTION TO DISMISS COMPLAINT PURSUANT TO D.C. SUPER CT. R. 12(b)(2) and 12(b)(6)**

Defendant Roger Stone ("Stone"), through counsel, moves this Court, pursuant to the D.C. Super. Ct. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and D.C. Super. Ct. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, to dismiss Plaintiffs' Complaint in its entirety and with prejudice.

[SIGNATURE BLOCK ON NEXT PAGE]

Dated: May 28, 2019 	Respectfully submitted,

	By:   /s/ Chandler P. Routman
	      Chandler P. Routman

Chandler P. Routman
D.C. Bar No. 1618092
1501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: 954-235-8259
routmanc@gmail.com

*Counsel for Defendant Roger Stone*

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| DR. JEROME CORSI, Individually<br><br>and<br><br>LARRY KLAYMAN, Individually<br><br>Plaintiffs<br><br>v.<br><br>MICHAEL CAPUTO, Individually<br><br>and<br><br>ROGER STONE, Individually<br><br>Defendants. | **Case No: 19 CA 002226 B**<br><br>Honorable Judge Yvonne Williams<br><br>Next Event: Initial Scheduling Conference<br>July 19, 2019 at 9:30 a.m. |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROGER STONE'S MOTION TO DISMISS PURSUANT TO D.C. SUPER. CT. R. 12(b)(2) and 12(b)(6)

### PRELIMINARY STATEMENT

Plaintiffs Jerome Corsi ("Corsi") and Larry Klayman ("Klayman") allege that Defendant Roger Stone has engaged in defamation and defamation by implication through use of a surrogate, Michael Caputo. The allegations made by Plaintiffs fail to support any cause of action against Stone. Roger Stone, by trade, is a political pundit and commentator who is well-known for making unconventional and sometimes controversial statements to the media. Likewise, Plaintiff Corsi has

based his career on promoting conspiracy theories[1], making outlandish political comments[2], and writing books that are known for their inaccuracies[3]. Furthermore, Plaintiff Klayman is an attorney who is well-known for his 'throwing something on the wall in the hopes that it sticks' approach to filling lawsuits. In fact, Plaintiff Klayman "likens his legal work to a MIRV missile, outfitted with many nuclear warheads, '[a]t least one will get through to accomplish the mission,'"[4] and has said that he's filed "thousands"[5] of lawsuits. Indeed, Klayman revels in the notoriety he receives for his controversial, numerous, and unsuccessful lawsuits.[6] Klayman is well-known to support

---

[1] *See* Jerome R. Corsi, Ph.D, Hunting Hitler: New Scientific Evidence That Hitler Escaped Nazi Germany, available at https://www.skyhorsepublishing.com/9781510718647/hunting-hitler/; Dr. Jerome Corsi, Where's the Birth Certificate?: The Case that Barack Obama is not Eligible to be President, 2016, available at https://www.barnesandnoble.com/w/wheres-the-birth-certificate-jerome-r-corsi-phd/1101132037; Jerome Corsi, *North American Union to Replace USA?*, Human Events: Powerful Conservative Voices (May 9, 2006), http://humanevents.com/2006/05/19/north-american-union-to-replace-usa/.

[2] *See* Search Results for "Corsi," PolitiFact, available at https://www.politicfact.com/search/?q=corsi (all statements reviewed by PolitiFact have been found to be either 'false' or 'pants on fire' on the PolitiFact Truth-O-Meter).

[3] *See* Joe Miller, *Corsi's Dull Hacket*, FactCheck.Org (Sept. 15, 2008) available at https://www.factcheck.org/2008/09/corsis-dull-hatchet/.

[4] David Montgomery, *Can Larry Klayman make history with his NSA lawsuit?*, The Washington Post Magazine, May 9, 2014, https://www.washingtonpost.com/lifestyle/magazine/can-larry-klayman-make-history-with-his-nsa-lawsuit/2014/05/08/0a858436-b5c0-11e3-8cb6-284052554d74_story.html?utm_term=.93d7fc5ef51e.

[5] Dana Milbank, *Dana Milbank: Larry Klayman's legal massacre*, Florida Today, Jan. 3, 2015, https://www.floridatoday.com/story/opinion/columnists/syndicated/2015/01/03/dana-milbank-larry-klaymans-legal-massacre/21101645/.

[6] *Id*. ("He uses litigation as a press strategy. His lawsuits allow him to uncover documents and depose officials, which makes news and gets him headlines. 'You report more when I file a lawsuit,' Klayman explained. 'It's like a prizefight.'").

conspiracy theories, such as the anti-Obama 'birther' theory.[7] The birther theory is the false claim that Barack Obama was not born in the United States and therefore his election and reelection to the presidency was a violation of the Constitution.

Why are we in the Superior Court for the District of Columbia? Plaintiffs do not ever attempt to allege the jurisdictional elements necessary to demonstrate why Roger Stone should be hauled into court in the District. In fact, Plaintiffs clearly state that Roger Stone is a resident of Fort Lauderdale, Florida. *See* Complaint ¶ 4. Stone does not live in the District, he does not work in the District, Plaintiffs do not allege that Stone made any allegedly defamatory comments in the District, nor do they even allege that Defendant Stone directed Caputo to make any of purportedly defamatory statements in the District or elsewhere.

It should also be noted that this is the third defamation lawsuit that Plaintiff Klayman[8] has filed against Stone and the second involving Plaintiff Corsi[9]. This persistent form of harassment towards Mr. Stone is designed to discredit Mr. Stone in anticipation of his upcoming criminal trial in November (*United States v. Roger Stone*, Case No. 1:19-cr-000, in which Plaintiff Corsi is more than likely going to be a witness against Mr. Stone. Contrary to the allegations made by Plaintiffs that Mr. Stone is actively trying to damage the reputations of the Plaintiffs, Mr. Stone has had no contact with Plaintiffs, nor has he bene in contact with Defendant Caputo since before he was

---

[7] *Larry Klayman*, Southern Poverty Law Center, https://www.splcenter.org/fighting-hate/extremist-files/individual/larry-klayman (last visited March 22, 2019).

[8] *Klayman v. Stone*, Case No. 19-0026712, filed in the Circuit Court of the 17th Judicial Circuit of Broward County, Florida.

[9] *Corsi v. Stone*, Case No. 1:19-CV—00324, filed in the United States District Court for the District of Columbia (Corsi is represented by Klayman in this matter as well).

indicted. *See* Complaint ¶¶ 21-25. For reasons related to Stone's on-going criminal case, Stone has had no contact specifically with Plaintiff Corsi and Defendant Caputo.

## ARGUMENT

**I.    The D.C. Superior Court Lacks Personal Jurisdiction over Defendant Stone Pursuant to D.C. Super. Ct. R. Civ. P. 12(b)(2) and the D.C. Long-Arm Statute (D.C. Code § 13-423).**

This Court may exercise personal jurisdiction over Stone only if the Plaintiff satisfies: (1) the D.C. long-arm statute; and, (2) the Due Process Clause. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The Plaintiffs must satisfy both. *Id*. Plaintiffs satisfies neither. Roger Stone is a non-resident defendant who also is not alleged to have committed any tort in the District.

**A. Exercising Personal Jurisdiction Would Violate the D.C. Long-Arm Statute**

The D.C. long-arm statute lists a number of grounds for jurisdiction (D.C. Code Ann. § 13-423(a)); but only one is relevant here, Clause (a)(4). Clause (a)(4) grants the Court jurisdiction over a defendant who causes "tortious injury in the District" *through an act outside* the District if he "[i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." (D.C. Code Ann. § 13-423(a) (emphasis added). Furthermore,

> [a] plaintiff seeking to establish jurisdiction over a non-resident under the foregoing provisions of the long-arm statute must demonstrate, pursuant to section (a)(1), that the plaintiff transacted business in the District, or show, pursuant to section (a)(4), that the [person] caused a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District.

*GTE New Media Servs.,* 199 F.3d at1347. Furthermore, to find that personal jurisdiction exists under D.C. Code § 13-423(a)(4)  for an act or omission done outside of the District causing injury in the District, "there must be an additional connection between the individual and some

regularly conducted or solicited business or another persistent course of conduct in D.C. D.C.Code § 13–423(a)(4)." *Harris v. Omelon,* 985 A.2d 1103, 1106 (D.C. 2009).

The District Court for the District of Columbia has ruled that "[p]ublishing defamatory statements within the District that were made outside the District does not meet the terms of" D.C. Code § 13-423(a)(4). *Hourani v. Psybersolutions LLC,* 164 F.Supp.3d 128, 138 (D.D.C. 2016); *see also McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C. Cir. 1996). "*[W]riting* an article for publication that is circulated throughout the nation, including the District, hardly constitutes doing or soliciting business, or engaging in in a persistent conduct, *within* the District" and subsequently does not satisfy the requirements of § 13-423(a)(4). *McFarlane*, 74 F.3d at 1300 (emphasis in original). Additionally, in a case where a plaintiff alleged defamation when material was posted on a website, the Court found that "[e]ven though the information on the website could be viewed by Internet users everywhere, this fact did not create nationwide personal jurisdiction." *Kline v. Williams*, Civ. No. 05-1102(HHK), 2006 WL 758459, at *1 (D.D.C. Mar. 23, 2006). In reviewing the *Kline* decision, the *Hourani* Court stated that "[t]he critical fact for the determination of personal jurisdiction was *where* the tortious injury occurred." 164 F.Supp.3d at 139 (emphasis added). In *Mallinckrodt Medical, Inc.,* v. *Sonus Pharmaceuticals, Inc.*, a plaintiff filed suit because of a derogatory statement posted to a message board. In that case, the Court found no personal jurisdiction "because plaintiff neither worked nor lived in the District, the injury felt in the forum was indistinguishable from that felt anywhere AOL subscribers resided." 989 F.Supp. 265, 273 (D.D.C. 1998). Furthermore, "[e]xercising personal jurisdiction in such cases would in essence create a 'nationwide jurisdiction for defamation action' explicitly banned by prior case law." *Kline*, 2006 WL 758459 at *3, (quoting *Mallinckrodt*, 989 F.Supp. at 272)).

Plaintiffs allege that Mr. Stone caused tortious injury within "this judicial district, nationwide, and worldwide" (*See* Complaint ¶¶ 35, 40) and "in this district and on the internet and elsewhere, domestically and for the entire world to see and hear." *See* Complaint ¶ 43. However, Stone's alleged tortious conduct did not happen within the District of Columbia. Plaintiffs do not claim that Stone was in District of Columbia when the alleged defamatory remarks were made; nor does he provide any allegation that amounts to the requirements of minimum contacts, purposeful availment, and fairness as required by personal jurisdiction. *See* Complaint.

Similarly, to *Hourani*, the alleged tortious conduct occurred outside of the District and the alleged tortious injury also occurred outside of the District and as a result this Court does not have personal jurisdiction over Mr. Stone. Plaintiffs' claims clearly fail to meet the D.C. Long-Arm Statute, based both on the statutory language of D.C. Code § 13-423 and applicable case law as demonstrated above.

**B. Exercising Personal Jurisdiction Would Violate Defendant Stone's Due Process Rights**

Even if the long-arm statute is satisfied, Plaintiffs must go one step further and satisfy due process requirements that govern a Court's exercise of jurisdiction over defendants. *See GTE*, 199 F.3d at 1347. "To show that the exercise of jurisdiction would comply with the constitutional requirements of due process, a plaintiff must demonstrate that there are 'minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Cockrum v. Donald J. Trump for President, Inc.,* 319 F.Supp.3d 158, 173 (D.D.C. 2018) (quoting *Swecker v. Midland Power Coop.,* 253 F.Supp.3d 274. 278 (D.D.C. 2017)) (plaintiffs failed to properly allege the District Court of the District of Columbia has personal jurisdiction over Stone).

Plaintiffs seemingly base their theory that this Court has personal jurisdiction over Mr. Stone based on his alleged business contacts with the District. *See* Complaint ¶¶13, 14.

> As we have repeatedly reaffirmed…the breadth of the 'transacting business' provisions is coextensive with the due process clause of the Fifth Amendment. In other words, the defendant must have minimum contacts with the forum so that exercising personal jurisdiction over it would not offend traditional notions of fair play and substantial justice. Hence the defendant must have purposefully directed [his] activities at residents of the forum. This means that the non-resident defendant's conduct and connection with the forum state are such that he should reasonably anticipated being haled into court there. Under the due process clause, the minimum contacts principle requires us to examine the quality and nature of the nonresident defendant's contacts with the District and whether those contacts are voluntary and deliberate or only random, fortuitous, tenuous and accidental.

*Daley v. Alpha Kappa Alpha Sorority, Inc.*, 26 A.3d 723, 727 (D.C. 2011). "A plaintiff's unilateral activity in relation to a defendant cannot alone sustain personal jurisdiction under the 'minimum contacts' theory…it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The Due Process Clause authorizes two forms of personal jurisdiction: <u>general and specific</u>. A court with general jurisdiction may hear *any* claim against a defendant, regardless of where the claim arose; a court with specific jurisdiction may only hear claims that arose in the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). This Court has neither general nor specific jurisdiction over Mr. Stone.

### 1. This Court Does Not Have General Jurisdiction Over Stone

General jurisdiction is no factor. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citations omitted). "A court may exercise general personal jurisdiction in this district where the defendant is domiciled in or has his principal place of business in the District of

Columbia or where defendant's conduct and connection with the forum are such that he should reasonably anticipate being sued here." *Hourani,* 164 F.Supp.3d 128 at 137 [paraphrasing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)]. Furthermore, "[b]are allegations and conclusory statements are insufficient." *Hourani*, 164 F.Supp.3d at 135.

In this case, the Court does not have general personal jurisdiction over Mr. Stone because he is does not live or work in the District, nor have Plaintiffs demonstrated that Mr. Stone has systematic contacts with the District that would allow him to reasonably anticipated being sued in this Court. *See id.* at 137 (the Court found no general personal jurisdiction over the defendants because "they do not live or work in the District of Columbia and there are no allegations that they have systematic contacts with the District such that they should reasonably anticipate being sued here"). Mr. Stone is a resident of the state of Florida; consequently Mr. Stone is domiciled in Florida. Moreover, Florida is the location of his principal place of business and has no discernable ties to D.C. that would satisfy general jurisdiction requirements. This Court, therefore, does not have general jurisdiction over Mr. Stone.

## 2. The Court Does Not Have Specific Jurisdiction Over Stone

This leaves specific jurisdiction. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 51 U.S. 277, 284-285 (2014) (citations omitted) (internal quotation marks omitted). A court has specific jurisdiction only if (1) the defendant has "purposefully established minimum contacts" with the forum by "purposefully direct[ing]" his activities there and (2) the plaintiff's claims "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Plaintiff must allege specific acts connecting a defendant

to the forum. *See Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 525 (D.C. Cir. 2001).

Pursuant to the "minimum contacts" standard, "courts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there.'" *GTE,* 199 F.3d at 1347 quoting *World-Wide Volkswagen Corp. v. Woodson*, 44 U.S. at 297. A "defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. "Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*., (quoting *Burger King*, 471 U.S. at 475)).

Mr. Stone does not have minimum contacts with the District of Columbia because he not purposefully availed him of the protections and benefits of the District, nor is it foreseeable that Mr. Stone's alleged conduct would result in him being sued in the District. Plaintiffs are attempting to pervert the protections of the minimum contacts standard by alleging highly attenuated potential contact with the forum state. Plaintiffs attempt to sue Mr. Stone in the District of Columbia is clearly anathema to the principals of personal jurisdiction and he has clearly failed to establish that the Court has any form of personal jurisdiction over Mr. Stone.

Furthermore, Plaintiffs attempt to hold Mr. Stone accountable for the potential conduct or statements made by so-called "surrogates" (Complaint ¶ 26), including co-defendant Caputo. This is clearly a feeble and erroneous attempt to haul Mr. Stone to court in this District without sufficient contacts. Plaintiffs fails to point to a legitimate and actual instance of Mr. Stone either using or

employing surrogates to act on his behalf, he merely mentions individuals with whom Mr. Stone has interacted and worked with in the past. Complaint ¶ 26. Moreover, Plaintiffs fail to demonstrate that these mysterious "surrogates" have any ties or contacts with this District.

    **C. The D.C. Long-Arm Statute Does Not Apply to Defendant Stone Because There is No Principal-Agent Relationship Between the Defendants as Required for Personal Jurisdiction.**

In order for this Court to have jurisdiction over Stone based on the allegations made in the Complaint, the party asserting the existence of an agency relationship has the burden of proof. *See Jackson v. Loews Washington Cinemas, Inc.,* 944 A.2d 1088, 1097 (D.C. 2008). There is a two-prong test for determining the existence of such a relationship: "First the court must look for evidence of the parties' *consent* to establish a principal-agent relationship. Second the court must look for evidence that the activities of the agent are subject to the principal's *control*." *Id*. (quoting *Henderson v. Charles E. Smith Management, Inc.*, 567 A.2d 59, 62 (D.C. 1989) (emphasis in the original).

> Relevant factors include (1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, (5) and whether the work is part of the regular business of the employer.

*Id*. (other citations omitted).

There are no allegations contained in the Complaint that Defendant Stone made any comment, defamatory or not, about the Plaintiffs. In fact, Plaintiffs rely on a conclusory and unsupported belief that Stone was directing Caputo to speak on his behalf. The Plaintiffs' claims are based on the fact that Stone and Caputo have been longtime friends and that Stone is a "mentor" to Caputo. Compl. ¶ 11. Under *Twombly* (and as explained more fully in a proceeding argument) plaintiffs have an obligation to "provide the 'grounds' of his 'entitle[ment] to relief'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). None of the allegations made against Stone satisfy this obligation. There are no claims that an agent-principal relationship exists or existed between Caputo and Stone, which is necessary for this Court to exercise personal jurisdiction over Stone.

### II. Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted (D.C. Super. Ct. R. Civ. P. 12(b)(6))[10]

#### A. Standard of Review

Until the Supreme Court' decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Pena v. A. Anderson Scott Mortg. Group, Inc.,* 692 F. Supp. 2d 102, 106 (D.D.C. 2010). Second,

---

[10] There is no legally discernable distinction between the Federal Rules of Civil Procedure Rule 12(b)(6) and D.C. Superior Court Rules of Civil Procedure and therefore they will be treated as one in the same.

the court must determine whether the well-pled factual allegations, if assumed to be true, "plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 662. When the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Id.* at 663.

A complaint must be dismissed if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The court is not "'bound to accept as true a legal conclusion couched as a factual allegation,' or to 'accept inferences drawn by plaintiff if such interferences are unsupported by the facts set out in the complaint.'" *Trudeau v. Federal Trade Com'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citations omitted) quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Applying the *Iqbal* standard in this case, it is abundantly clear that the Plaintiffs' allegations of defamation and defamation by implication fall short in crossing the line from "conceivable" to the "plausible" as Plaintiffs allege unfounded and conclusory claims unsupported by facts.

### B. Failure to State a Claim as to Defamation and Defamation by Implication

To state a claim for defamation under District of Columbia law, a Plaintiff must allege sufficient facts showing:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounts to at least negligence; and (4) either that the statement is actionable as a matter of law irrespective of special harm, or that its publication caused the plaintiff special harm.

*Marsh v. Hollander*, 339 F. Supp. 2d 1, 5 (D.D.C. 2004) (quoting *Crowley v. N. AM. Telecomm. Ass'n*, 691 A.2d 1169, 1172 n.2 (D.C. 1997)).

"[I]n a defamation case the plaintiff has the burden of proving that the challenged statements are both false and defamatory." *Kendrick v. Fox Tele.*, 659 A.2d 814, 819 (D.C. 1995). Additionally, a plaintiff asserting a defamation claim "must specifically 'plead the time, place, content, speaker, and listener of the alleged defamatory matter.'" *Franklin v. Pepco Holdings, Inc.*, 875 F.2d 66, 75 (D.D.C. 2012), (quoting *Stovell v. James*, 810 F.Supp.2d 237, 248 (D.D.C. 2011)). The Supreme Court has noted "'imaginative expression' and 'rhetorical hyperbole' are not actionable in defamation because 'they cannot reasonably be interpreted as stating actual facts about an individual.'" *Ford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 596-7 (D.C. 2000), (quoting *Milkovich v. Lorain Journal Co.*, 491 U.S. 1, 2 (1990)).

In Plaintiffs' Complaint, there are no factual allegations that connect the Defendants together other than the fact that they are longtime friends and colleagues. As stated above, Mr. Stone has not had any contact with Mr. Caputo since before he was arrested in January 2019, way before Defendant Caputo made any of the alleged defamatory statements. Mr. Stone is legally prohibited from engaging in any kind of contact with Mr. Caputo, and Plaintiffs fail to allege how Mr. Stone has defied this legal prohibition. Moreover, as Plaintiffs note in their Complaint, Mr. Stone is prohibited from using any surrogates to speak on his behalf (Compl. ¶ 27); based on their allegations, it appears that Plaintiffs think that Mr. Stone has violated the terms of his bail in order to have someone speak out against them. This is absurd and without any merit.

## **CONCLUSION**

This Court should dismiss the complaint for lack of personal jurisdiction and failure to state a claim as detailed above.

## RULE 12-1(a) CERTIFICATION

Pursuant to Superior Court Rule 12-1(a), undersigned counsel hereby certifies that counsel for Defendant Stone consulted with counsel for the plaintiffs (Larry E. Klayman, Esq.) on regarding whether plaintiffs would consent to the relief sought herein. Plaintiffs do not consent.

Dated: May 28, 2019                    Respectfully submitted,

By:   /s/ Chandler P. Routman
         Chandler P. Routman

Chandler P. Routman
D.C. Bar No. 1618092
1501 East Las Olas Blvd., Suite 331
Fort Lauderdale, FL 33301
Tele: 954-235-8259
routmanc@gmail.com

*Counsel for Defendant Roger Stone*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a copy of the foregoing Motion to Dismiss was served by electronic means through CaseFileXpress filing system on May 28, 2019 to:


Larry E. Klayman
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Ave NW # 800
Washington, DC 20006
leklayman@gmail.com

*Counsel for Plaintiffs*