IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.: 19-cv-1573-TJK

DR. JEROME CORSI et al,

                              Plaintiffs,

v.

MICHAEL CAPUTO et al,

                              Defendants.

## MOTION FOR LIMITED DISCOVERY ON DIVERSITY JURISDICTION

Defendant Roger Stone moves this Court to allow limited discovery regarding the specific issue of diversity jurisdiction. Below are the reasons why Defendant Stone is unsure about the subject matter jurisdiction of this Court, based upon the allegation of citizenship made by Plaintiff Klayman.

Plaintiff Larry Klayman claims in paragraph 2 of the complaint to be a citizen of Florida. However, in the caption of the case, Klayman lists his address as one located within in the District. *See* LCvR 5.1(c). According to the signed pleading, Klayman is a lawyer whose address is in the District. Klayman is a member of the Florida Bar and his listed address is in Washington, D.C.[1] Mr. Klayman lists a Beverly Hills, California address with the D.C. Bar.[2]

This case is one of four lawsuits that Mr. Klayman is either a party plaintiff or is the lawyer representing Jerome Corsi, a citizen of New Jersey, in cases against Roger Stone. Two cases were

---

[1] While this is permitted by the Florida Rules of Professional Responsibility, Rule 1.3.3(a), it further supports the confusion over diversity jurisdiction over Klayman.
[2] https://join.dcbar.org/eweb/DynamicPage.aspx?Site=dcbar&WebCode=FindMemberResults

filed in Broward County, Florida in the Seventeenth Judicial Circuit. One is filed in the District of the District of Columbia. All allege some type of defamation or tortious interference based upon statements Roger Stone, or in this case, statements made by Defendant Caputo relating to Plaintiff Corsi on a television show aired from New York.[3] Now, there is this case, which was originally filed in the D.C. Superior Court and subsequently removed to this Court by Defendant Stone on the reasonable belief that this Court would have jurisdiction over the issue based on complete diversity. Plaintiff Klayman responded to the motion to dismiss filed by Stone in the D.C. Superior Court and did not object to the removal to the District Court.  Upon preparation of the reply to Plaintiffs' opposition to the motion to dismiss, counsel for Stone observed that Klayman alleges to be a citizen in Florida in this lawsuit.

In order for a federal court to have subject matter jurisdiction over a case, there must either be complete diversity of citizenship between the parties or a federal question. *See Saadeh v. Farouki,* 107 F.3d 52, 61 (D.C. Cir. 1997). This case was removed to federal court on Defendant Stone's earnest belief that this Court has jurisdiction over this case based on subject matter jurisdiction through complete diversity amongst the parties. The party seeking diversity jurisdiction has the burden of pleading diversity. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 793 (D.C. Cir. 1983). There is a presumption against the existence of diversity jurisdiction. *Id.* If Klayman is a citizen of Florida, then complete diversity does not exist in this case. *See Lopes v. JetSetDC, LLC*, 994 F. Supp. 2d 126, 131 (D.D.C. 2014). If Klayman is not a citizen of the District, then one has to wonder why the original lawsuit was filed in D.C. Superior Court when not a single named party lives in the District and none of the allegations occur in the District. *See* Def. Roger

---

[3] It should also be noted that none of the alleged defamatory statements in this particular case have anything to do with Plaintiff Klayman as Caputo merely talks about Corsi in the scope of the Mueller investigation. *See* Compl. ¶¶ 31, 32.

Stone's Mot. to Dismiss Compl. Pursuant to D.C. Super. Ct. R. 12(b)(2) and 12(b)(6). Furthermore, as noted in Defendant's Rep. to Pls' Opp'n to Def. Stone's Mot. to Dismiss, Klayman is not a proper party to this lawsuit because he has failed to state a legitimate claim upon which relief may be granted since he suffered no injury. Should Klayman be removed as a party in this case, there would be complete diversity jurisdiction and there would be no potential subject matter jurisdiction issue.

Subject matter jurisdiction can be raised at any time. *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004). The Court has the authority to grant limited discovery on the issue of jurisdiction. *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001). Defendant Stone does not want to waste the resources of this Court. This Court should therefore order limited discovery directed at Mr. Klayman.

## CONCLUSION

The Court should Order that Roger Stone may issue a limited set of interrogatories and production relating to diversity jurisdiction of Plaintiff Klayman. The Court and the parties should resolve the subject matter jurisdiction issue early in the litigation and limited discovery would be effective in determining the issue of jurisdiction.

Dated: June 19, 2019                                                          Respectfully submitted,

                                                                                             /s/_____

ROBERT C. BUSCHEL                                             CHANDLER ROUTMAN
BUSCHEL GIBBONA, P.A.                                        D.D.C. Bar No. 1618092
D.D.C. Bar No. FL0039                                             501 East Las Olas Blvd., Suite 331
One Financial Plaza, Suite 1300                              Fort Lauderdale, FL 33301
100 S.E. Third Avenue                                              Tele: 954-235-8259
Fort Lauderdale, FL 33394                                       routmanc@gmail.com
Tele: 954-530-5301
Fax: 954-320-6932
Buschel@BGlaw-pa.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

                                                   Respectfully submitted,

                                                   */s/ Chandler Routman*
                                                   Chandler Routman
                                                   *Counsel for Roger Stone*

Larry Klayman, Esq.
Klayman Law Group, P.A.
2020 Pennsylvania Ave, NW #800
Washington, DC, 20006
Telephone: (310) 595-0800
Counsel for Plaintiff.