# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. JEROME CORSI, *et al*

              Plaintiffs

        v.                                  **Case Number:   1:19-cv-1573**

MICHAEL CAPUTO, *et al*

              Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANT MICHAEL CAPUTO'S MOTION TO DISMISS

Dated: July 11, 2019                        Respectfully Submitted,


                                            ___*/s/ Larry Klayman*___
                                            Larry Klayman, Esq.
                                            KLAYMAN LAW GROUP, P.A.
                                            D.C.  Bar Number: 334581
                                            2020 Pennsylvania Ave NW #800
                                            Washington, DC, 20006
                                            Telephone:  (310)-595-0800
                                            Email: leklayman@gmail.com

                                            *Counsel for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................1

LEGAL ARGUMENT ............................................................................................................2

  This Court May Properly Exercise Personal Jurisdiction Over Defendant Caputo....................2

    The District of Columbia Long Arm Statute ........................................................................2

    Due Process Clause...............................................................................................................5

  Defendant Caputo's Motion to Dismiss Under Rule 12(b)(6) Must be Denied .........................7

    Legal Standard .....................................................................................................................7

    Plaintiff Corsi is Not a Public Figure....................................................................................8

    Plaintiff Corsi Properly Pled Claims for Defamation and Defamation by Implication .........10

CONCLUSION ....................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................7

*Abraham v. Baldwin*, 42 So. 591, 592 (Fla. 1906)........................................................8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................6

*Covey Run, LLC v. Wash. Capital, LLC*, 245 F. Supp. 3d 9 (D.D.C. 2017)..............2, 4

*Devincci Salah Hourani v. Mirtchev*, 796 F.3d 1 (D.C Cir 2015) .................................10

*Dimick v. Schiedt*, 293 U.S. 474 (U.S. 1935)..............................................................7, 8

*Glynn v. City of Kissimmee*, 393 So. 2d 774 (Fla. 5th DCA 1980) ...............................8

*Gordon v. United States Capitol Police*, 778 F.3d 158 (D.C. Cir. 2015) .......................7

*GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) ................2

*Guilford Transp. Indus. v. Wilner*, 760 A.2d 580, 597 (D.C. 2000)..............................11

*Hourani v. PsyberSolutions LLC*, 164 F. Supp. 3d 128 (D.D.C. 2016) ..........................6

*Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106 (D.C. Cir. 2017)............................10

*Keeton v. Hustler, Inc.*, 465 U.S. 770 (1984)..................................................................5

*Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539 (M.D. Fla. 1993) ....................8

*Waldbaum v. Fairchild Publ'ns*, 201 U.S. App. D.C. 301 (1980) ..............................8, 9

*Weyrich v. New Republic, Inc.*, 235 F.3d 617 (D.C. Cir. 2001) .....................................7

**Statutes**

Fed R. Civ. P 12(b)(6)....................................................................................................7, 8

D.C. Code § 13-423(a) ...................................................................................................2, 3

## MEMORANDUM OF LAW

### I.    INTRODUCTION

This case is centered around Defendant Roger Stone's ("Defendant Stone") last-ditch efforts, albeit illegal, to avoid prison time for his role Special Counsel Robert Mueller's Russian collusion investigation, for which he was indicted on seven separate felony charges and has a pending criminal case in this judicial district. Comp. ¶ 5. Defendant Stone is doing everything that he can to smear, discredit, and threaten Plaintiff Jerome Corsi, who was Person 1 in his indictment and who will likely be subpoenaed and called as a material witness at Defendant Stone's upcoming criminal trial in this district, and his counsel, Plaintiff Klayman. Comp. ¶ 16.

To that end, Defendant Stone has made numerous false, malicious, and defamatory statements in public in order to try to improperly influence, tamper with and corrupt Mr. Mueller's investigation and now prosecution, which again, is centered in this judicial district. Comp. ¶ 20, 21. Defendant Stone is now working in concert with Defendant Michael Caputo ("Defendant Caputo"), his close personal friend, mentee and surrogate to try to discredit and defame Plaintiffs. Comp. ¶ 11. Defendants broadcasting in this district and to the world that Plaintiff Corsi cannot be trusted in order to prepare for the fact that he will likely be called as a material witness in Defendant Stone's upcoming criminal trial. Furthermore, Defendant Caputo falsely claimed that Plaintiff Corsi was cooperating and working with Robert Mueller:

> [H]e could be the luckiest man in the world. I think he should buy a lottery ticket or ten. I'm surprised. I also believe that it indicates that Corsi gave them information that they were looking for, probably on Roger Stone. We'll probably see him brought in as a witness in Roger Stone's trial. Comp. ¶ 32.

By maliciously defaming Plaintiff Corsi, Defendants hope to instill some doubt regarding Plaintiff Corsi's credibility into the minds of those involved in Defendant Stone's criminal prosecution – including prospective jurors – as well as the public at large for public relations

reasons as well as to raise money for Stone's legal defense fund[1].  He has cast Plaintiff Corsi as a traitor to the conservatives and others who support President Trump, which defamation is severely damaging to Dr. Corsi's personal and professional reputations, good will and financial well-being.

## II    LEGAL ARGUMENT

### A.    This Court May Properly Exercise Personal Jurisdiction Over Defendant Stone

This Court may exercise personal jurisdiction over Defendant Caputo if Plaintiff Corsi satisfies the District of Columbia Long Arm Statute and the Due Process Clause of the U.S. Constitution. *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Crucially, Plaintiff Corsi need only satisfy the burden of establishing the factual basis for asserting personal jurisdiction with a *prima facie* showing. *Covey Run, LLC v. Wash. Capital, LLC*, 245 F. Supp. 3d 9, 13 (D.D.C. 2017). As such, "plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial[;] but rather, the plaintiff may rest her arguments on the pleadings, bolstered by such affidavits and other written materials as [he] can otherwise obtain." *Id*. (internal quotations omitted). Furthermore, any "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Id*. at 17.

### 1.    The District of Columbia Long Arm Statute

The District of Columbia Long Arm Statute is satisfied here under two grounds: (1) Defendant Caputo transacts business in the District of Columbia under D.C. Code § 13-423(a)(1) and (2) Defendant Caputo caused "tortious injury in the District of Columbia by an act or omission outside the District of Columbia [and]  he regularly does or solicits business, engages

---

[1] Plaintiff Larry Klayman has voluntarily dismissed all claims pertaining to himself in this matter, so this opposition only discusses Plaintiff Corsi's claims.

in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia under D.C. Code § 13-423(a)(4).

The Complaint expressly alleges that Defendant Caputo regularly conducts business in the District of Columbia. The Complaint alleges that:

> Defendant Caputo is a Republican political consultant and media personality and commentator who has worked on numerous presidential and other political campaigns in the District of Columbia. Comp. ¶ 5.

> Most recently, Defendant Caputo served as an advisor to President Donald Trump during the 2016 presidential election. Comp. ¶ 7.

> Defendant Caputo frequently appears on television as a political medial personality and commentator broadcast in this district, domestically, and internationally. Comp. ¶ 9.

> Defendant Caputo, as a political consultant, does substantial business in the District of Columbia and derives a significant portion of his income from the District of Columbia. Comp. ¶ 10.

Furthermore, Defendant Caputo founded Rainmaker Interactive, a "PR firm for budding telecom and Internet companies based in Washington, D.C." *Affidavit of Jerome Corsi*, Exhibit 1. Pursuant to Defendant Caputo's own LinkedIn page, he also previously served as the Vice President of Widmeyer Communications, based in Washington D.C., and on the Bush-Quayle presidential campaign in Washington D.C. Exhibit 1.

It is therefore clear that Caputo's professional conduct, as a political consultant and advisor is primarily centered around the District of Columbia, which is the nation's capitol and, obviously, where The Trump White House and Capitol Hill are located. Thus, at a bare minimum, it is clear that Defendant Caputo "transacts business in the District of Columbia," therefore satisfying the D.C. Long Arm Statute. It is also clear that Defendant Caputo does not work for free. He therefore derives a substantial portion of his income from his services rendered in the District of Columbia, again satisfying the D.C. Long Arm Statute.

Importantly, Defendant Caputo does not merely conduct substantial business and services in the District of Columbia – Plaintiff Corsi's injuries are also directly related to these business activities in this district. *See Covey Run*, 245 F. Supp. 3d at 17 ("When considering whether to exercise personal jurisdiction pursuant to this section of the District's long-arm statute, "the Court must answer two questions: whether the defendant has 'transacted business,' and whether the plaintiff's injury arises from that business.") The defamatory conduct pled in the Complaint is aimed at influencing the Mueller investigation and now prosecution. Comp. ¶ 23. It is alleged in the Complaint that the reason for Defendant Caputo tortious conduct alleged herein is the criminal indictment of his long time friend and mentor, Roger Stone ("Stone") in Special Counsel Robert Mueller's Russian collusion investigation, whose indictment stemmed from his actions as a political consultant and lobbyist to President Trump in Washington D.C. As pled in the Complaint:

> Defendant Stone knew that he was going to be indicted, and therefore began this public relations campaign to smear, defame, intimidate and threaten Plaintiff Corsi, even before his actual indictment on January 25, 2019, in order to try to influence public opinion and Special Counsel Robert Mueller – by trying to attribute guilt to Plaintiff Corsi and not him - as well as to try to raise money for his legal defense. Comp. ¶ 21.

> By defaming Dr. Corsi and Mr. Klayman, Defendants Caputo and Stone - acting in concert as joint tortfeasors, are hoping to not only intimidate Dr. Corsi and his counsel Mr. Klayman to severely harm and damage their reputations, but also to coerce and threaten Dr. Corsi to testify falsely if subpoenaed to be called as a material witness in Stone's ensuing criminal trial.   The are also actively intimidating, coercing, and threatening Dr. Corsi's legal counsel, Plaintiff Klayman, and thus destroying his reputation, standing and ability to practice law and conduct other professional and personal endeavors in this district in particular. They are also trying divert funds away from Dr. Corsi's legal defense fund, while boosting Defendant Stone's legal defense fund. Defendant Corsi's legal defense fund is intended to pay legal fees and costs to Plaintiff Klayman for his services. Comp. ¶ 23.

> There is, therefore, more than a direct causal link between Defendant Caputo's

4

substantial and ongoing business in this judicial district as a political consultant and publicist, and Plaintiff Corsi's injuries as set forth in the Complaint. Thus, Plaintiff Corsi satisfy the D.C. Long Arm Statute.

### 2. Due Process Clause

In addition to complying with the D.C. Long Arm Statute, the exercise of personal jurisdiction over Defendant Caputo in this district comports with all necessary due process requirements. "Due process is satisfied if the defendant's 'minimum contacts' with the District are such that subjecting it to suit would not offend traditional notions of fair play and substantial justice. *Id*. at 18 (internal quotations and citations omitted). "Under the 'minimum contacts' standard, courts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id*.

Importantly, the U.S. Supreme Court case of *Keeton v. Hustler, Inc*., 465 U.S. 770 (1984), the plaintiff was a resident of New York, who brought a defamation case in New Hampshire against the defendant magazine, which was an Ohio corporation. *Id*. at 772. The only connection that the defendant had to New Hampshire was that the magazine had circulation in New Hampshire. *Id*. The U.S. Supreme Court held that the publisher of a national magazine was subject to jurisdiction in every location in which it was circulated, even if "the bulk of the harm done to petitioner occurred outside [the forum]." *Id*. at 780. In addition, in *Keeton*, the only connection necessary that the publisher had to the forum state was the circulation and sale of the publication. It is indisputable that the defamatory statements were published in this judicial district. Comp. ¶ 30, thereby affording the Court personal jurisdiction in this case.

Furthermore, here, the Court has grounds to exercise both general and specific jurisdiction over Defendant Caputo. As set forth above, Defendant Caputo's profession as a

political consultant and publicist in Washington D.C. grant him the requisite "continuous and systematic" contacts with this judicial district for general personal jurisdiction. *See Hourani v. PsyberSolutions LLC*, 164 F. Supp. 3d 128, 136 (D.D.C. 2016). Indeed, Defendant Caputo founded Rainmaker Interactive, a PR firm for startups based ion Washington D.C. <u>Exhibit 1</u>. Defendant Caputo even served as an official on President Trump's Presidential campaign team, which against, was in part centered in Washington D.C. The mere fact that Defendant Caputo asserts that he was based in New York at the time, if true, still does not change the fact that his services rendered were targeted at Washington D.C. where The White House and his other personal and business endeavors are located and substantially carried out.. The very nature of his profession requires that his "principal place of business" be in the District of Columbia, which is the nation's capitol and where his clients would necessarily be located.

In the unlikely event that this Court finds no general jurisdiction, it is still abundantly clear that specific jurisdiction exists. A court has specific jurisdiction if (1) the defendant has "purposefully established minimum contacts" with the forum by "purposefully direct[ing]" his activities there and (2) the plaintiff's claims "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). As set forth above, Defendant Caputo's tortious conduct is "purposefully directed" at the District of Columbia, in an effort to tamper with and interfere with Special Counsel Mueller's Russian collusion investigation and his indictment in the U.S. District Court for the District of Columbia. *See* Comp. ¶ 21, 23. Plaintiff Corsi's injuries – i.e. being defamed, threatened, and discredited – all arise directly and proximately from Defendant Caputo's attempts to illegally influence Special Counsel Mueller's investigation and his criminal indictment.

///

**C.      Defendant Caputo's Motion to Dismiss Under Rule 12(b)(6) Must Be Denied**

**1.      Legal Standard**

Fed. R. Civ. P. 8(a)(2) states that a pleading need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept the complaint's allegations as true and draw all reasonable inferences in favor of the non-moving party." *Gordon v. United States Capitol Police*, 778 F.3d 158, 163-164 (D.C. Cir. 2015).

A complaint "does not require detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (internal quotations omitted). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotations omitted). As such, a motion to dismiss at this stage must be decided solely on what Plaintiffs have plead in their complaint, taken as true, and not upon any factual "contradictions" that Defendants have attempted to insert. Involving such weighing of fact would take the standards of pleading to new heights not contemplated before by any Court.

When deciding on a motion to dismiss a claim for defamation, the Court "must assume, as the complaint alleges, the falsity of any express or implied factual statements made in the article." *Weyrich v. New Republic, Inc.,* 235 F.3d 617, 623 (D.C. Cir. 2001). It must also assume that the defamatory statements were made "with knowledge of their falsity or reckless disregard for their truth." Id. In situations where resolution is necessarily fact intensive, like defamation, the U.S. Supreme Court has held that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v.*

*Schiedt*, 293 U.S. 474, 486 (U.S. 1935). As such, it is crucial and required that Plaintiffs be afforded the opportunity to conduct discovery and present its findings to the proper fact-finding body—the jury. In fact, courts have held that even in a summary judgment motion for defamation, taking the matter out of the jury's hands is almost always inappropriate, except in those rare cases where the circumstances surrounding the allegedly defamatory communication are completely undisputed. *See, e.g., Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539, 1541 (M.D. Fla. 1993), aff'd, 15 F.3d 1097 (11th Cir. 1994); *Abraham v. Baldwin*, 42 So. 591, 592 (Fla. 1906); *Glynn v. City of Kissimmee*, 393 So. 2d 774. 776 (Fla. 5th DCA 1980). This principle applies even stronger here, where Defendant Stone has not put forth any evidence on his behalf and where a simple Rule 12(b)(6) motion is at bar. Plaintiffs must, at a minimum, be permitted to conduct discovery.

### 2.      Plaintiff Corsi is Not a Public Figure

Defendant Caputo briefly asserts, without much support, that Plaintiff Corsi is a "public figure." He does not specify whether he believes Plaintiff Corsi is a general purpose public figure or a limited purpose public figure. In any event, he is neither.

It is clear that Plaintiff Corsi is not a general purpose public figure. In order to qualify under this standard, "[a]n individual may have attained a position of such persuasive power and influence," *id.,* and of "such pervasive fame or notoriety, that he has become a public figure in all situations. This test is a strict one. The Court stated flatly that (a)bsent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life." *Waldbaum v. Fairchild Publ'ns*, 201 U.S. App. D.C. 301, 627 F.2d 1287, 1292 (1980) (internal quotations and citations omitted). It is clear from this incredibly high standard that Plaintiff Corsi is not a

general purpose public figure.

A limited-purpose public figure is "an individual (who) voluntarily injects himself or is drawn into a particular public controversy and therefore becomes a public figure for a limited range of issues." *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1292 (1980) (internal citation and quotation omitted). "The relevant examination turns on 'the nature and extent of an individual's participation in the particular controversy giving rise to the defamation.'" *Id*. The *Waldbaum* Court set forth three elements to determine whether a person is a limited public figure: (1) the existence of a public controversy, (2) whether a reasonable person would have concluded that this individual would play or was seeking to play a major role in determining the outcome of the controversy and (3) whether the alleged defamation related to that controversy. *Id*. at 1298. If the Court determines that the Plaintiff is a limited purpose public figure, the Plaintiff must show that the Defendant acted with actual malice in order to sustain a cause of action for defamation. Here, not only is Plaintiff Corsi not a limited public figure, even if this Court finds that he is, Plaintiff Corsi has pled and can show Defendant Caputo's actual malice.

Here, Plaintiff Corsi never voluntarily injected himself into the purported "public controversy." His involvement was not by choice, but instead forced by Defendants and Special Counsel Mueller and his staff, who named him as a witness on Defendant Stone's indictment. Plaintiff Corsi was then forced to make public statements in order to protect his own reputation as an investigative journalist. Put another way, Plaintiff Corsi never sought out any of the media attention, but was involuntarily brought into the controversy and forced to defend himself. At a minimum, it is clear that Defendant Caputo's statements that Plaintiff Corsi "believes the most wild conspiracies in the world…They end at the freak show tent," Comp. ¶ 31, has nothing to do with the purported public controversy, and is nothing more than

a personal attack on Plaintiff Corsi.

Furthermore, even if this Court finds that Plaintiff Corsi is a limited-public figure with regards to the rest of Defendant Caputo's false and malicious statements, it is clear that Defendant Caputo acted with malice. "[A] public-official or public-figure plaintiff must demonstrate that a publisher either actually knew that a published statement was false, or recklessly disregarded whether it might be false." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 112 (D.C. Cir. 2017). From the very outset, it is clear that Plaintiff Corsi specifically pled that each of the false and defamatory statements were made by Defendant Caputo <u>with malice</u> and actual knowledge of their falsity. At this point in the case, these allegations are more than sufficient for this case to proceed to discovery.

### 3.    Plaintiff Corsi Properly Pled Claims for Defamation and Defamation by Implication

Under District of Columbia law, a valid defamation claim must plead only four elements:

[T]he defendant made a false and defamatory statement concerning the plaintiff"; (2) the defendant published the statement without privilege to a third party; (3) the defendant's fault in publishing the statement amounted to at least negligence; and (4) either the statement was actionable as a matter of law irrespective of special harm, or its publication caused the plaintiff special harm.

*Devincci Salah Hourani v. Mirtchev*, 796 F.3d 1, 16 (D.C Cir 2015) (internal quotations omitted).

Defendant Caputo asserts that the false, malicious, and defamatory statement pled in Comp. ¶ 31, that "[T]he Mueller team finds themselves at the end of the hallway … and they're staring at Jerry Corsi, who believes the most wild conspiracies in the world… and they end at the freak show tent" is non-actionable rhetorical hyperbole. This is false. First and foremost, the statement that Plaintiff Corsi "believes the most wild conspiracies in the world" is a factual assertion. Either Plaintiff Corsi does believe wild conspiracies or he does not. This is objectively

verifiable. Indeed, one who <u>does</u> believe wild conspiracies is clearly unreliable as a source for information, which is exactly the message that Defendant Caputo and Defendant Stone are trying to convey to the public at large. This clearly harms Plaintiff Corsi' reputation as an investigative journalist and is clearly defamatory. Furthermore, Defendant Caputo falsely asserts that his reference to Plaintiff Corsi being in a "freak show" is not defamatory because no listener would reasonably believe that Plaintiff Corsi was actually in a "freak show," if those even exist anymore. However, this misses the point. Defendant Caputo's statement clearly creates the implication that Plaintiff Corsi is a "freak" who cannot be trusted or relied upon, thereby harming his reputation. This is defamatory.

Defendant Caputo next asserts that the false, malicious, and defamatory statement pled in paragraph 32, "[H]e could be the luckiest man in the world. I think he should buy a lottery ticket or ten. I'm surprised. I also believe that it indicates that Corsi gave them information that they were looking for, probably on Roger Stone. We'll probably see him brought in as a witness in Roger Stone's trial" is not actionable as a statement of opinion. However, statements that are purported to be "opinion" may be nonetheless actionable as long as they have "an explicit or implicit factual foundation and is therefore objectively verifiable." *Guilford Transp. Indus. v. Wilner*, 760 A.2d 580, 597 (D.C. 2000) (internal quotation omitted). Here, the portion of the statement alleged to be defamatory – that Plaintiff Corsi gave information to Mueller – is clearly objectively verifiable and factual. Either he did, or he did not.   Lastly, it is clear that these statements are highly defamatory, given Plaintiff Corsi's profession. They falsely accuse Plaintiff Corsi of working with Special Counsel Mueller, which is a verifiable statement of fact, Plaintiff Corsi generates his work and financial well-being. Its clear that in these highly polarized times, a supporter of President Trump would not contribute financially to a person accused

working with Mr. Mueller to try to take him down.

## III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendant Caputo's s Motion to Dismiss, as he has clearly pled more than sufficient facts in support of causes of action and personal jurisdiction clear exists in the District of Columbia. Alternatively, Plaintiff Corsi respectfully requests limited-scope discovery regarding the issue of personal jurisdiction only to confirm the extent of Defendant Caputo's ties to this judicial district.

Plaintiff respectfully requests oral argument.

Dated: July 11, 2019                                                     Respectfully Submitted,


                                                                          */s/ Larry Klayman*
                                                                          Larry Klayman, Esq.
                                                                          KLAYMAN LAW GROUP, P.A.
                                                                          D.C.  Bar Number: 334581
                                                                          2020 Pennsylvania Ave NW #800
                                                                          Washington, DC, 20006
                                                                          Telephone:  (310)-595-0800
                                                                          Email: leklayman@gmail.com

                                                                          *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on July 11, 2019


                                                                          */s/ Larry Klayman*
                                                                          Larry Klayman, Esq.