IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. JEROME CORSI, *et al*

    Plaintiffs

    v.

MICHAEL CAPUTO, *et al*

    Defendants.

Case Number:   1:19-cv-1573

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

In a not too transparent fashion, Defendant Roger Stone argues that this cause should be dismissed rather than simply transferred. He obviously knows that the statute of limitations would have run for any jurisdiction in New York, since the statute of limitations for defamation in New York is one year. Accordingly, while Plaintiff Jerome Corsi ("Dr. Corsi") disagrees with the Court's prior ruling that venue does not lie in the District of Columbia, this case should simply be transferred. Dr. Corsi has no objection to this case being transferred to the Western District of New York, although Defendant Stone, based on the undersigned counsels regrettable contact with him years ago, likely continues to maintain a residence next to the Plaza Hotel in downtown Manhattan. Indeed, Defendant Stone has a penchant for talking – falsely one must add -- out of both sides of his mouth, which is in part why he has been convicted on seven perjury counts.[1]

---

[1] Plaintiff is at a loss as to why this Court describes his client, repeatedly in court orders in this and other cases as a "self-styled author and political commentator'" when in fact Dr. Corsi is a six (6) time New York Times bestselling author with two (2) of his works achieving number one (1) New York Times bestselling status. And since just 2004, Dr. Corsi has published 25 books. Dr. Corsi and his counsel are also at a loss to understand why this Court took so much time to rule on the simple issue of venue, allowing the statute of limitations for defamation to run in

1

Finally, the Court has conceded under similar circumstances that there is authority that venue could lie in the District of Columbia on page 4 of its March 1, 2020 memorandum opinion in a case styled *Corsi v. Stone*, 19-cv-324. It would appear that this Court has strained to find ways, albeit late, to have Dr. Corsi removed from any case in his Court based upon his disdain for Dr. Corsi, as reflected having disrespectfully belittled and derisively mocked him repeatedly in a number of court orders as a "self-styled author and political commentator."[2]  Dr. Corsi respects this Court and would have hoped that he would have been treated the same way.

Dated: March 24, 2020                                                           Respectfully Submitted,

                                                                                        */s/ Larry Klayman*
                                                                                        Larry Klayman, Esq.
                                                                                        KLAYMAN LAW GROUP, P.A.
                                                                                        D.C.  Bar Number: 334581
                                                                                        2020 Pennsylvania Ave NW #800
                                                                                        Washington, DC, 20006
                                                                                        Telephone:  (310)-595-0800
                                                                                        Email: leklayman@gmail.com

                                                                                        *Counsel for Plaintiff*

---

this and other jurisdictions. It would appear that the defamation of Defendant Stone and those acting in concert with Stone, such as Alex Jones, Owen Stroyer and InfoWars did indeed have a substantial damaging  effect in the District of Columbia and specifically before federal judges and prosecutors such as Special Counsel Robert Mueller, as well as potential grand jurors and petit jurors, as the focused defamation was intended and conceived to do by these defendants.

[2] Plaintiff's counsel himself has litigated successfully a case against Judicial Watch in the Southern District of Florida when then defamation, for which compensatory punitive damages were awarded by a jury, emanated on the internet from California. Dr. Corsi respectfully requests that this Court review this case and reconsider its prior rulings in this and other cases before it. The case in federal court in Florida was presided over by the Honorable Cecilia Altonaga, a distinguished jurist who has been mentioned and touted in the past as a possible U.S. Supreme Court nominee. Exhibit 1.

Ironically, this Court also in a previous case looked the other way at perjury which had been committed by Judicial Watch president Thomas Fitton styled *Klayman v. Judicial Watch*, 17-cv-34 (D.D.C.), suggesting that this Court has an issue with Plaintiff's counsel as well.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on March 24, 2020.

><u>/s/ Larry Klayman</u>
>Larry Klayman, Esq.