# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Case No.: 19-cv-1573-TJK

DR. JEROME CORSI et al,

                              Plaintiffs,

v.

MICHAEL CAPUTO et al,

                              Defendants.

**DEFENDANT MICHAEL CAPUTO'S RESPONSE TO THE ORDER TO SHOW CAUSE**

Michael Caputo does *not* consent to a transfer of this case to the Southern District of New York. This matter has been pending in the U.S. District Court, District of Columbia since May 29, 2019. *See* Dkt. 1. As this Court recognized, "venue is proper [in the District of Columbia] pursuant to 28 U.S.C. §1441(a). *See Murcia v. A Capital Elec. Contractors, Inc.* 270 F. Supp. 3d 39, 43 (D.D.C. 2017)." Accordingly, Mr. Caputo respectfully requests that this Court decide his present Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Dkt. 5), filed June 6, 2019, and dismiss on the grounds articulated therein. A transfer to a different venue will unnecessarily prolong this action and result in further costs for Mr. Caputo.

In the alternative, Mr. Caputo respectfully requests that the Court transfer this case to the Western District of New York. As this Court is aware, "a district court may transfer any civil action to any other district … to which all parties have consented" pursuant to 28 U.S.C. §1404(a). In his response to the order to show cause, Plaintiff stated that he "has no objection to this case being transferred to the Western District of New York …" Dkt. 21 at 1. Indeed, a transfer to the

Western District of New York would ease Mr. Caputo's financial hardship. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 269 (D. Conn. 2012) ("Courts may consider the relative financial hardship to litigants in prosecuting or defending an action in a particular forum."); *see also J. & B. & S. Rest. Corp. v. Henry's Drive-In, Inc.*, 353 F. Supp. 389, 394 (W.D.N.Y. 1973) (In determining whether a transfer would be "[f]or the convenience of parties [and] in the interest of justice," courts look to a variety of criteria [including] … the parties' relative financial ability to undertake trial in any particular forum.").

Dated: March 24, 2020
      Buffalo, New York

      /s/ Scott S. Allen Jr.
Scott S. Allen, Jr.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Michael Caputo*
50 Fountain Plaza, Suite 170
Buffalo, New York 14202
sallen@lippes.com
(716) 853-5100

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

                                       Respectfully submitted,

                                       /s/ Scott S. Allen Jr.
                                       Scott S. Allen, Jr.
                                       Lippes Mathias Wexler Friedman LLP
                                       *Attorneys for Michael Caputo*
                                       50 Fountain Plaza, Suite 170
                                       Buffalo, New York 14202
                                       sallen@lippes.com
                                       (716) 853-5100