# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI,<br><br>   *Plaintiff*,<br><br>v.<br><br>MICHAEL CAPUTO et al.,<br><br>   *Defendants*. | Civil Action No. 19-1573 (TJK) |

## MEMORANDUM OPINION

  This is the most recently filed of several defamation lawsuits loosely related to the prosecution of political operative Roger Stone that were assigned to this Court. Author and political commentator Jerome Corsi sued political strategist and media consultant Michael Caputo, as well as Stone himself, for defamation. Corsi's claims arise from statements Caputo is alleged to have made on a television program in New York. Pending before the Court are Defendants' motions to dismiss for lack of personal jurisdiction. The Court will grant them for the reasons explained below.

**I. Background**

  Corsi alleges that in March 2019, Caputo—in the course of discussing Stone's prosecution on MSNBC—falsely stated that Corsi "believes the most wild conspiracies in the world," is a "freak show," and was not himself prosecuted because he was cooperating with Special Counsel Robert Mueller against Stone.[1] ECF No. 1-4 ("Compl.") ¶¶ 30–35, 40. He alleges that Caputo was motivated to do so in an effort to influence the outcome of Stone's trial

---

[1] *See United States v. Stone*, No. 19-cr-18 (ABJ), 2020 WL 917295 (D.D.C. Feb. 20, 2020).

by: (1) discrediting Corsi, who thought that he might be called as a witness at the trial; (2) "sway[ing] public opinion in [Stone's] favor"; (3) tainting the jury pool to help Stone; and (4) persuading potential donors to give to Stone's legal defense fund rather than Corsi's. *Id.* ¶¶ 19, 22, 24.  Stone is not alleged to have made any relevant statements himself, but rather to have "us[ed] the pliant Defendant Caputo as a surrogate" to defame Corsi. *Id.* ¶¶ 26, 28.

Corsi originally filed this action in the Superior Court of the District of Columbia.[2]  *See* Compl.  Stone filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim in that court, and then removed the case to this Court.  ECF No. 1-5; ECF No. 1.  Caputo likewise filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim after the case was removed.  ECF No. 5.

## II. Legal Standard

The plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendants.  *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 172 (D.D.C. 2018).  At the motion to dismiss stage, the plaintiff need only make "a prima facie showing of the factual basis for asserting personal jurisdiction over a defendant." *Bauman v. Butowsky*, 377 F. Supp. 3d 1, 5 (D.D.C. 2019).  However, the plaintiff must still "allege specific acts connecting [the] defendant with the forum" and may not rely on "bare allegations or conclusory statements."  *Id.* (alteration in original).  Although the Court must "resolve factual disputes in favor of the plaintiff . . . it need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) (internal citations omitted).  Instead, it "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Hourani v. Psybersolutions*

---

[2] Corsi's attorney Larry Klayman was also originally a plaintiff, but Klayman filed a notice of voluntary dismissal after removal.  ECF No. 13.

*LLC*, 164 F. Supp. 3d 128, 136 (D.D.C. 2016) (quoting *Plesha v. Ferguson*, 760 F. Supp. 2d 90, 92 (D.D.C. 2011)).

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry." *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, the Court must determine whether there is personal jurisdiction under the District of Columbia's long-arm statute, D.C. Code § 13-423(a). *See id.* Second, if there is, the Court must also determine whether the exercise of personal jurisdiction would be consistent with the Fifth Amendment's Due Process Clause. *See id.*

### III. Analysis

Corsi argues that this Court has long-arm jurisdiction over both Defendants under D.C. Code §§ 13-423(a)(1) and (a)(4). But his argument fails at step one of the personal jurisdiction analysis. Because neither statutory provision confers such jurisdiction over either Defendant, the Court will grant both motions to dismiss on those grounds.

#### A. D.C. Code § 13-423(a)(1)

The first subsection of the District of Columbia's long-arm statute confers personal jurisdiction over "a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). Corsi argues that both Stone and Caputo conduct substantial business in the District of Columbia. Stone, he claims, has had a "decades-long career as a lobbyist and political consultant" which, because it is focused on national politics, is "primarily, if not entirely centered around the District of Columbia." Compl. ¶¶ 13, 15. He also alleges that Stone has worked on political campaigns, most notably President Trump's, and that Stone founded a lobbying firm in Washington. *Id.* ¶ 13; ECF No. 9 at 4. Corsi makes similar claims about Caputo, whom he alleges: (1) worked as an advisor to the Trump Campaign and to others; (2)

3

has a political consulting career focused on the District of Columbia; and (3) founded a public relations firm here. Compl. ¶¶ 5–7, 10; ECF No. 14 at 3.

Defendants, for their part, dispute these characterizations. Stone argues that any political consulting work he does is based out of Florida, that the Trump Campaign was domiciled in Virginia and had its principal place of business in New York, and that he has not been involved with his lobbying firm since 1991. *See* ECF No. 10 at 3–4; *see also Cockrum*, 319 F. Supp. 3d at 174. Similarly, Caputo alleges that he worked on the Trump Campaign's effort in the New York State Republican primary and performed his work mostly in New York City and from his home office in East Aurora, New York, and that he has not worked for the public relations firm at issue since 2001. *See* ECF No. 5-2 ¶¶ 9, 12; ECF No. 15 at 4. Caputo also states that he currently manages a public relations firm based in Florida and primarily works from East Aurora, although his firm has one Washington-based client and he attends "infrequent" meetings at that client's office in the District of Columbia. ECF No. 5-2 ¶¶ 2–3. He further states that while he has appeared on national television while physically present in the District of Columbia on a handful of occasions over the last few years, when he made the statements at issue in this case he was physically present in a television studio in New York. *Id.* ¶¶ 8, 14; *see also* Compl. ¶ 30 (referencing a video of the statements).

Even assuming that either Defendant has "transact[ed] . . . business in the District of Columbia," Corsi has not shown how his defamation claim, which is based on remarks Caputo made on a television show in New York, "ar[ose] from" any of those transactions. D.C. Code §§ 13-423(a)(1), (b). Corsi argues that Caputo's statements are "directly related" to his and Stone's business activities, because the statements were intended to influence Stone's trial, which "stemmed from [Stone's] actions as a political consultant and lobbyist to President Trump

in Washington D.C." ECF No. 9 at 5–6; ECF No 14 at 4. But this theory does not even purport to explain how Corsi's defamation claim is related to *Caputo's* business activities in the District of Columbia. And as for Stone, these alleged events and motives, piled on top of each other jenga-like, are far too attenuated to show that Corsi's defamation claim arose from any of Stone's business in the District of Columbia. Whatever reasons Caputo may have had for allegedly making the statements at issue, they do not mean that Stone "'transacted business' in the District of Columbia in connection with" those statements—which are the "operative facts" of this case. *Freiman v. Lazur*, 925 F. Supp. 14, 23 (D.D.C. 1996).

Because Corsi's cause of action does not arise from any business transactions Caputo or Stone undertook in the District of Columbia, Section 13-423(a)(1) cannot confer jurisdiction over either Defendant.[3]

## B. D.C. Code § 13-423(a)(4)

D.C. Code § 13-423(a)(4) authorizes personal jurisdiction over anyone who, directly or by an agent, causes "tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." In other words, "the statute requires both an injury inside the District, and that 'the defendant engages in some persistent course of conduct or derives substantial revenue from the District.'" *Forras v. Rauf,* 812 F.3d 1102, 1107-08 (D.C. Cir. 2016) (quoting *Moncrief v. Lexington Herald–Leader Co.*, 807 F.2d 217, 221 (D.C. Cir. 1986)).

---

[3] Stone and Caputo also argue that Section 13-423(a)(1) does not apply in tort cases because two other provisions of the statute provide the exclusive avenues for personal jurisdiction in tort cases. ECF No. 10 at 4; ECF No. 5-1 at 4 n.1. But the text of Section 13-423 contains no such limitation, and the D.C. Circuit has applied Section 13-423(a)(1) in tort cases. *See Forras v. Rauf*, 812 F.3d 1102, 1106 (D.C. Cir. 2016); *see also McDaniel v. Armstrong World Indus.*, 603 F. Supp. 1337, 1342–43 (D.D.C. 1985).

Corsi argues that this provision confers jurisdiction over both Defendants because he was injured in the District of Columbia, and for the reasons discussed above, the Defendants regularly do business here. His argument fails on the first count: he has not shown that he was injured in the District by Caputo's statements in New York. Courts in this jurisdiction have held that a defamation plaintiff may suffer injury where he lives and works. *See, e.g.*, *Hourani*, 164 F. Supp. 3d at 139; *Kline v. Williams*, No. Civ. A. 05-01102 (HHK), 2006 WL 758459, at *3 (D.D.C. Mar. 23, 2006); *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998). But Corsi lives in New Jersey. Compl ¶ 1. And although Corsi alleges that he "was severely damaged [in the District of Columbia], as [he] also do[es] substantial business in this district," he provides no facts whatsoever to support that conclusory assertion. ECF No. 14-1 ¶ 12; *see Johnson v. BAE Sys., Inc.*, Civil Action No. 11-cv-2172 (RLW), 2012 WL 13055684, at *2 (D.D.C. Oct. 23, 2012). Moreover, Corsi's allegation that he "publishes works in this judicial district and nationwide," Compl. ¶ 1, does not "indicate [he] 'suffered any injury in the District of Columbia that [he] could not have suffered in any state in the nation'" where someone might have heard Caputo's statements, *Kline*, 2006 WL 758459, at *3 (quoting *Mallinckrodt Medical, Inc. v. Sonus Pharm., Inc.*, 989 F. Supp. 265, 273 (D.D.C. 1998)). Under these circumstances, "[p]ublishing defamatory statements within the District that were made outside the District does not meet the terms of" Section 13-423(a)(4). *Hourani*, 164 F. Supp. 3d at 138.

Because Corsi has not shown that he was injured in the District of Columbia, Section 13-423(a)(4) does not confer jurisdiction over Defendants.

\*       \*       \*

The Court does not have personal jurisdiction over Defendants, and for that reason it must dismiss the case. Because the personal jurisdiction inquiry fails at step one under D.C.

Code § 13-423, the Court need not proceed to step two and analyze whether the exercise of personal jurisdiction would be compatible with the Due Process Clause.[4]

IV. **Conclusion**

For all the above reasons, the Court will grant Stone's Motion to Dismiss, ECF No. 1-5, and Caputo's Motion to Dismiss, ECF No. 5. The Court will also deny Corsi's Motion to Strike, ECF No. 17, because Local Civil Rule 7(m) applies to "any nondispositive motion," and the material Corsi seeks to strike for failure to comply with that rule is merely a "notice of supplemental authority." Finally, the Court will deny Corsi's Motion for Status Conference, ECF No. 18, because it determines in its discretion that no such conference or hearing is necessary. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 7, 2020

---

[4] Corsi also argues that the Court's exercise of *general* personal jurisdiction over both Defendants is consistent with the Due Process Clause, but he does not explain how such jurisdiction is appropriate under D.C. Code § 13-422, the District of Columbia's relevant general jurisdiction statute. *See* ECF No. 9 at 7; ECF No. 14 at 5. The exercise of personal jurisdiction requires a statutory basis. *See Canuto v. Mattis*, 273 F. Supp. 3d 127, 138–39 (D.D.C. 2017). And the Court has no reason to conclude that Section 13-422 provides it such jurisdiction over Stone or Caputo. That statute confers jurisdiction over individuals domiciled or with their principal places of business in the District of Columbia. D.C. Code § 13-422. Stone is domiciled in Florida, and Caputo is domiciled in New York. Compl. ¶¶ 3, 4. Corsi asserts that "the very nature" of Stone's and Caputo's work requires them to have their principal places of business in the District of Columbia, but he alleges no facts showing that either has more than occasional business-related contact with the District of Columbia. *See* ECF No. 9 at 8; ECF No. 14 at 6. Indeed, Caputo represents in his affidavit that he primarily works in New York, and Stone asserts in his motion that his principal place of business is in Florida. *See* ECF No. 5-2 ¶ 2; ECF No. 1-5 at 10.