IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. JEROME CORSI<br><br>Plaintiff<br><br>v.<br><br>MICHAEL CAPUTO, *et al*<br><br>Defendants. | Case Number:   1:19-cv-1573 |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Jerome Corsi ("Dr. Corsi") hereby moves the Court for reconsideration of its order of April 7, 2020 granting Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 60(b). ECF No. 23. Federal Rule of Civil Procedure 60(b) states, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect…or any other reason that justifies relief.

Here, the Court's actions constitute grounds for relief under Rule 60, as it inexplicably sat on Defendants' motions to dismiss for approximately ten months, thereby allowing the statute of limitations to run, before finally making the finding on April 7, 2020 that it lacked personal jurisdiction over the Defendants. As set forth in the Code of Conduct for United States Judges Canon 3(A)(5), "a judge should dispose promptly of the business of the court." This was a very simple issue that did not need to take ten months to rule upon and allow the statute of limitations to run.

There was also no reason to actually dismiss the case, when it simply could have ordered its transfer to the District of New Jersey, where venue and personal jurisdiction unquestionably

1

lie. Dr. Corsi is a citizen of New Jersey, and was maliciously defamed by the Defendants and suffered injury in New Jersey. New Jersey was therefore also "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…." 28 U.S. Code § 1391(b). Alternatively, even if the Court chose not the transfer the case to New Jersey, personal jurisdiction also indisputably lies in New York and Florida, as the Defendants Caputo and Stone are citizens of those states, respectively.

Indeed, the Court signaled to the parties that it was intending to transfer this case in its March 16, 2020 minute order directing the parties to show cause as to why this case should not be transferred. Instead, it decided to simply dismiss Dr. Corsi' claims after allowing the statute of limitations to run.

Put simply, the Court could have simply ordered a transfer instead of the disproportionately harsh and prejudicial decision to dismiss the case, after prejudicing Dr. Corsi by having sat on it for ten months. Now, it must act to prevent even further prejudice to Dr. Corsi, after having allowed the statute of limitations on Dr. Corsi's claims to run, by simply transferring the case instead of dismissing it. This will allow for Dr. Corsi's claims to be heard substantively, thereby protected Dr. Corsi's due process and other rights.

Lastly, Canon (A)(3) states that "[a] judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity." In its opinion issued in the case styled *Corsi v. Stone*, 19-cv-324, this Court needlessly and gratuitously took a condescending and disrespectful shot at Dr. Corsi, a New York Times bestselling author, as a "self-styled 'author and political commentator.'" There was no reason for the Court to try to minimize and demean Dr. Corsi's background, and this also demonstrates conduct in violation of Canon (A)(3).

Accordingly, based on the foregoing Dr. Corsi respectfully requests that this Court grant his motion for reconsideration and transfer this case to another jurisdiction, namely New Jersey, where a substantial part of the events giving rise to Dr. Corsi's claims occurred and where he is a citizen and resident, as well as the venue where he was seriously damaged, as this is his community.

Counsel for Defendants have been contacted for consent and counsel for Defendant Caputo has indicated that they do not consent, and counsel for Defendant Stone has not stated definitively, stating simply, "Does the rules of procedure or local rules require Plaintiff ask to file a rehearing?"

Finally, Plaintiff asks for an expeditious and timely ruling on this motion for reconsideration. Justice delayed is justice denied, as in particular has thus far occurred in this case. Now is the time to right this wrong.

Dated: April 17, 2020                                              Respectfully Submitted,

                                                                   */s/ Larry Klayman*
                                                                   Larry Klayman, Esq.
                                                                   KLAYMAN LAW GROUP, P.A.
                                                                   D.C. Bar Number: 334581
                                                                   2020 Pennsylvania Ave NW #800
                                                                   Washington, DC, 20006
                                                                   Telephone: (561) 558-5336
                                                                   Email: leklayman@gmail.com

                                                                   *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on April 17, 2020.

*/s/ Larry Klayman*
Larry Klayman, Esq.
