**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DR. JEROME CORSI,

                                      Plaintiff,

            Case No.: 19-cv-1573-TJK

v.

MICHAEL CAPUTO, et al.,

                                      Defendants.

**DEFENDANT MICHAEL CAPUTO'S RESPONSE**
**TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

      Michael Caputo herby opposes Plaintiff's Motion for Reconsideration (Dkt. 25). On April 7, 2020, this Court granted Defendants' motions to dismiss. Dkt. 23. In so doing, the Court correctly concluded that the Court does not have long-arm jurisdiction over Defendants under D.C. Code §§ 13-423(a)(1) and (a)(4). Dkt. 24 at 3. As this Court recognized in *Stephenson v. Chao*, No. CV 19-2256 (TJK), 2020 WL 122984, at *2 (D.D.C. Jan. 10, 2020), "a movant [for reconsideration] must clear a high bar and a district court has considerable discretion in deciding whether to grant relief." Plaintiff fails to clear the bar here and therefore, this Court should deny Plaintiff's request for reconsideration.

      Citing Federal Rule of Civil Procedure 60(b), Plaintiff erroneously argues that this Court should reconsider its Order of Dismissal based upon "mistake, inadvertence, surprise, or excusable neglect," or the catch-all provision, "any other reason that justifies relief." However, neither provision applies in this instance. As Mr. Stone asserts in his response (Dkt. 26), the Rule 60(b)(1) "mistake, inadvertence, surprise, or excusable neglect" provision typically applies to a lack of service of process or failure to answer, which does not apply to the present case.

Similarly, Plaintiff's reliance upon the Rule 60(b)(6) catch-all provision is equally unavailing because this Court correctly held that the Court does not have long-arm jurisdiction over Defendants. Notably, Plaintiff did not challenge the Court's finding of a lack of personal jurisdiction in his Motion for Reconsideration (Dkt. 25), instead opting to argue that the Court should have transferred the case. However, as Plaintiff well knows, this Court was well within its authority to dismiss rather than transfer Plaintiff's meritless claim. *See Corsi v. Stone,* Case No. 19-cv-324-TJK, Dkt. 20. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Accordingly, Plaintiff's reliance on the Rule 60 catch-all provision is also unfounded.

WHEREFORE, Mr. Caputo respectfully requests that this Court exercise its considerable discretion and deny Plaintiff's Motion for Reconsideration (Dkt. 25).

Dated: May 15, 2020
      Buffalo, New York

    /s/ Dennis C. Vacco
    Dennis C. Vacco
    Scott S. Allen, Jr.
    Lippes Mathias Wexler Friedman LLP
    *Attorneys for Michael Caputo*
    50 Fountain Plaza, Suite 1700
    Buffalo, New York 14202
    dvacco@lippes.com
    sallen@lippes.com
    (716) 853-5100

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

    Respectfully submitted,

    /s/ Dennis C. Vacco
    Dennis C. Vacco
    Scott S. Allen, Jr.
    Lippes Mathias Wexler Friedman LLP
    *Attorneys for Michael Caputo*
    50 Fountain Plaza, Suite 1700
    Buffalo, New York 14202
    dvacco@lippes.com
    sallen@lippes.com