UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME CORSI,

    *Plaintiff*,

v.

MICHAEL CAPUTO et al.,

    *Defendants*.

Civil Action No. 19-1573 (TJK)

# ORDER

Before the Court is Plaintiff Jerome Corsi's Motion for Reconsideration of this Court's Memorandum Opinion and Order granting Defendants' motions to dismiss for lack of personal jurisdiction, ECF No. 25. For the reasons explained below, the Court will deny the motion. The Court assumes familiarity with the facts of this case as set forth in *Corsi v. Caputo*, No. 19-cv-1573 (TJK), 2020 WL 1703934 (D.D.C. Apr. 7, 2020).

Where, as here, a motion for reconsideration is filed within the time limit set forth in Rule 59(e), the Court generally considers it under that rule. *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011). However, Corsi explicitly invokes only Rule 60(b). Therefore, the Court will consider the motion under both rules. *Stephenson v. Chao*, No. 19-226 (TJK), 2020 WL 122984, at *2 (D.D.C. Jan. 10, 2020). "Under either, a movant must clear a high bar and a district court has considerable discretion in deciding whether to grant relief." *Id.* Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from a previous judgment on the basis of, among other things, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." And under Rule 59(e), "a motion to reconsider is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law,

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (quotation omitted); *see also M.K. v. Tenet*, 169 F. Supp. 2d 8, 12 (D.D.C. 2001) ("Motions pursuant to Rule 60(b) may be granted for similar reasons.").

Corsi makes no argument that anything in the Court's ruling was mistaken or incorrect, or that the Court in fact has personal jurisdiction over Defendants. Rather, he complains that the Court took too long to issue its ruling, such that the statute of limitations ran in other applicable jurisdictions. He now argues that the Court should have transferred the case rather than dismiss it, even though no party moved for or otherwise suggested transfer in the motions to dismiss or the oppositions to them. *See* ECF No. 25 at 1–2.

When a court lacks personal jurisdiction, "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Lemon v. Kramer*, 270 F. Supp. 3d 125, 139 (D.D.C. 2017) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)). This case could have been transferred under either 28 U.S.C. § 1631, which provides that a court lacking jurisdiction "shall, if it is in the interest of justice, transfer such action" to a court in which it "could have been brought at the time it was filed or noticed," or 28 U.S.C. § 1404(a), which permits a court to transfer a case in the interest of justice "to any other district or division where it might have been brought." *See Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 128–29 (D.D.C. 2017) (noting that both 28 U.S.C. §§ 1406 and 1631 could provide for transfer); *Janod, Inc. v. Echo Entm't, Inc.*, 890 F. Supp. 2d 13, 24 (D.D.C. 2012) (holding that transfer was improper under either § 1404 or

§ 1406).[1]  "Before transferring the case, this Court must ensure that the transferee court has personal jurisdiction over Defendants."  *Southerland v. SOC, LLC*, No. 15-cv-443 (KBJ), 2019 WL 250971, at *3 (D.D.C. Jan. 16, 2019).

In the briefing on the motions to dismiss, Corsi never suggested transferring the case or identified another district with personal jurisdiction over *both* defendants in which the case "could have been brought," despite being on notice of Defendants' potentially meritorious personal jurisdiction argument.  *See generally* ECF No. 9; ECF No. 14.  The Court *did* consider transferring the case to the Southern District of New York in the interests of justice under § 1404(a)—wholly apart from the question of whether personal jurisdiction was proper here—and ordered the parties to show cause why the case should not be transferred there.  Minute Order of March 16, 2020.  But on the record before it, it could not conclude that New York had personal jurisdiction over Defendant Stone.[2]  In response to that order, Corsi proposed that the Court transfer the case to the Western District of New York, *see* ECF No. 20, but the Western

---

[1] In this case, 28 U.S.C. § 1406 is inapplicable because venue—although not personal jurisdiction—is proper in this District.  Minute Order of March 16, 2020.

[2] Certainly, that was Stone's position.  See ECF No. 19 at 2 (Stone's objection to transfer to the Southern District of New York and statement that he "would argue the State of New York would not have personal jurisdiction over him").  And other than Corsi's unsworn statement that Stone "likely continues to maintain a residence next to the Plaza Hotel in downtown Manhattan," ECF No. 20 at 1, there were no allegations that Stone has any connection to New York; the parties agreed that he is a resident of Florida.  See ECF No. 1-4 ¶ 4; ECF No. 1-5 at 5.  Further, New York's long-arm statute excepts defamation from its two provisions relating to jurisdiction over non-domiciliaries based on torts.  N.Y. C.P.L.R. § 302(a)(2)–(3). N.Y. C.P.L.R. § 302(a)(4) permits personal jurisdiction over a non-domiciliary who "owns, uses, or possesses any real property situated within the state."  But under that provision, the cause of action at issue must arise out of the fact of ownership, use, or possession of New York realty, which is not the case here.  *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015).

District of New York lacks personal jurisdiction over Stone for the same reasons as the Southern District of New York.

Now, for the first time, Corsi argues that the Court should have transferred this case to the District of New Jersey, or in the alternative, the Southern District of Florida. ECF No. 25 at 1–2. Had he made such arguments either in response to the motions to dismiss or in response to the Court's order to show cause, the Court would have considered them.[3] But neither Rule 59 nor Rule 60(b) may be used to raise new arguments which could—and should—have been raised previously. *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013).

Corsi cites no authority for the proposition that the Court must scour the nation for districts in which this case could have been brought and *sua sponte* transfer the case there.[4] In fact, in *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C. Cir. 1996), the D.C. Circuit upheld a district court's decision to dismiss a case rather than transfer it in similar circumstances even where the plaintiff *had* requested a transfer if the court found that personal jurisdiction was lacking. That the Court did not *sua sponte* identify and consider transfer to the District of New Jersey or the Southern District of Florida, which Corsi could have raised earlier, simply does not

---

[3] There does not appear to be personal jurisdiction over Defendant Caputo in the Southern District of Florida, where Stone resides. *See* ECF No. 1-4 ¶ 4.

[4] In *Wright v. Sheehy Ford of Marlow Heights, Inc.*, No. 19-cv-2365 (TJK), 2020 WL 977974, at 3 n.7 (D.D.C. Feb. 28, 2020), the Court stated in dicta that "the D.C. Circuit has strongly suggested that a district court must *sua sponte* transfer a case [under § 1631] over which it lacks personal jurisdiction to a court where jurisdiction would be proper when doing so would be in the interest of justice." But that case is distinguishable. Although the transfer at issue in that case may technically have been "*sua sponte*" because no party had moved for transfer, the plaintiff requested in her opposition to the defendant's motion to dismiss that the Court transfer the case to the District of Maryland it if found personal jurisdiction lacking, which the Court did. *Id.*

warrant reconsideration.  *See Halim v. Donovan*, 951 F. Supp. 2d 201, 204 (D.D.C. 2013) (declining to reconsider its order dismissing the case for lack of personal jurisdiction and to transfer the case because "at no point prior to dismissal did either party move the Court to transfer this case" and "*sua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court where no party has moved to transfer a case brought in the wrong jurisdiction" (quotation omitted)).

Nothing in Plaintiff's motion alters the Court's conclusion or meets the standard for relief under either Rule 60(b) or Rule 59(e).  Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 25, is **DENIED**.  It is further **ORDERED** that Plaintiff's Motion to Expedite, ECF No. 28 is **DENIED** as moot.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 3, 2020